# IN THE SUPREME COURT OF THE STATE OF NEVADA

TATIANA LEIBEL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77989

**FILED**

JUN 2 4 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Ninth Judicial District Court, Douglas County; Nathan Tod Young, Judge.

Appellant claims that the district court erred in denying her claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

20-23457

First, appellant, whose native language is Russian, argues that trial counsel should have used an interpreter for attorney-client meetings because her limited understanding of English did not allow her to make a fully informed decision about whether to testify. Appellant has not demonstrated deficient performance or prejudice. Trial counsel testified at the evidentiary hearing that she was able to communicate with appellant, explained anything appellant did not understand, and appellant declined an interpreter for attorney-client meetings. Trial counsel obtained an interpreter for court proceedings because there would be no opportunity to explain issues appellant did not understand. The district court found trial counsel's testimony credible and that appellant could communicate effectively in English. The record supports the district court's findings. Appellant has lived in the United States for 25 years and graduated from the University of Nevada, Reno, completing courses taught in English. The district court observed appellant's language abilities in her recorded interviews with the police and during court proceedings.[1] Appellant further has not demonstrated a reasonable probability of a different outcome had trial counsel obtained an interpreter for attorney-client meetings. Therefore, the district court did not err in denying this claim.[2]

---

[1]The district court canvassed appellant about her right to testify, and she affirmatively indicated she did not want to testify. Trial counsel testified that she advised appellant not to testify because of concerns regarding prior bad acts, and appellant has not demonstrated that she did not understand counsel's advice.

[2]Appellant's related argument that the district court abused its discretion in not allowing a certified Russian-English interpreter to testify as an expert regarding appellant's understanding of English is without merit. The district court determined that the interpreter did not have information that would assist it in evaluating appellant's ability to understand English during attorney-client meetings. NRS 50.275 ("If

Next, appellant argues that trial counsel should have objected to S. Oren's testimony that he was afraid for the victim's life and warned the victim that appellant may kill him. Although trial counsel objected several times on the grounds of relevance and speculation, appellant argues that trial counsel should have argued that this testimony constituted prior-bad-act evidence, hearsay, and the evidence had not been disclosed by the State. Appellant also argues that trial counsel should have cross-examined Oren about the statement. Appellant fails to demonstrate deficient performance or prejudice. The district court determined that this testimony did not involve a prior bad act, and appellant has not demonstrated otherwise. *See* NRS 48.045(2) (describing prior-bad-act evidence). Appellant has not demonstrated any discovery violation regarding this statement. *See Bradley v. Eighth Judicial Dist. Court*, 133 Nev. 754, 759, 405 P.3d 668, 673 (2017) (recognizing that there is not a general constitutional right to discovery); *cf.* NRS 174.235(1)(a) (providing that the prosecuting attorney shall permit the defendant to inspect and copy any written or recorded statements). Appellant has not made any cogent

scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by special knowledge, skill, experience, training or education may testify to matters within the scope of such knowledge."). The witness, while qualified as an interpreter, did not perform any testing, only vaguely referred to standards in evaluating language competence, and did not detail any specialized knowledge or training in evaluating a person's language abilities from watching videos, observing interviews, or in making a determination about cultural influences on an interview with a non-English speaker. The district court watched the same videos and observed appellant in the courtroom, including at trial. Therefore, we conclude the district court did not abuse its discretion. *Perez v. State*, 129 Nev. 850, 856, 313 P.3d 862, 866 (2013) ("We review a district court's decision to allow expert testimony for an abuse of discretion.").

argument regarding hearsay, and it is unclear that she made this argument in the proceedings below. *See Maresca v. State*, 103 Nev. 669, 672-73, 748 P.2d 3, 6 (1987). Appellant has also not shown what testimony cross-examination on this subject would have elicited, let alone that cross-examination would have elicited favorable testimony. Finally, appellant has not demonstrated that there was a reasonable probability of a different outcome had trial counsel further challenged the testimony given the substantial evidence of guilt presented at trial. Therefore, the district court did not err in denying this claim.[3]

Next, appellant argues that trial counsel should have provided proper notice that the defense forensic expert would testify about his trajectory conclusion. Appellant fails to demonstrate deficient performance or prejudice. When the State objected to a question that might elicit the defense expert's conclusion about the trajectory of the projectiles, trial counsel stated that she did not intend to have the expert provide a trajectory conclusion. Rather, trial counsel presented the expert to challenge the methodology and reliability of the State's expert and explain that there was insufficient information to make a trajectory conclusion. Although the same defense expert offered a trajectory conclusion at the postconviction evidentiary hearing, he agreed that trajectory analysis involves some

_____

[3]Appellant's argument that appellate counsel was ineffective in failing to challenge the admissibility of this testimony as a prior bad act fails for the same reasons discussed above. *See Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (requiring a petitioner to demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have had a reasonable probability of success on appeal); *see also Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 94-95 (2003) (stating that plain error requires a demonstration of error, that the error was plain, and that the error affected the defendant's substantial rights).

measure of subjective interpretation and that he could not testify to his conclusion with any degree of scientific certainty. Given that testimony, appellant has not demonstrated trial counsel's strategy was unreasonable. *Strickland*, 466 U.S. at 690-91 (observing that strategic decisions are virtually unchallengeable). And considering the subjectivity and lack of scientific certainty in the expert's testimony during the evidentiary hearing and the substantial evidence of guilt presented at trial, appellant further fails to demonstrate a reasonable probability of a different outcome at trial had the expert testified about the trajectory of the projectiles. Therefore, the district court did not err in denying this claim.

Next, appellant argues that trial counsel should have introduced evidence of the victim's marijuana use to show how it could affect his mental and physical health. Appellant fails to demonstrate deficient performance or prejudice. Appellant did not provide any expert testimony supporting her statements about the effects of marijuana use on a person's mental and physical health, and thus, she fails to carry her burden of proof. *See Means*, 120 Nev. at 1011-13, 103 P.3d at 32-33 (recognizing that the burden of proof lies with the habeas petitioner). The jury heard testimony about marijuana use and some possible effects from the defense medical expert. Trial counsel testified at the evidentiary hearing that emphasizing the marijuana use could have hurt the case, in part because, to the extent that marijuana may affect coordination, it may have supported the State's theory that the victim could not have shot himself. Appellant fails to demonstrate that there was a reasonable probability of a different outcome had trial counsel engaged an expert and presented additional testimony about the victim's marijuana use. Therefore, we conclude that the district court did not err in denying this claim.

SUPREME COURT
OF
NEVADA

(O) 1947A

5

Next, appellant argues that trial counsel should have presented expert testimony about suicidal ideation to educate the jury about the complexities of suicide. Appellant notes that trial counsel was aware from multiple sources of the victim's suicidal threats and health issues. Appellant fails to demonstrate deficient performance or prejudice. Again, appellant presented no such testimony at the evidentiary hearing to support this claim. Therefore, we conclude that the district court did not err in denying this claim.

Next, appellant argues that trial counsel should have presented testimony to humanize her because she did not testify. Appellant argues that her daughters could have testified that she was a loving wife and mother, supportive partner, and loved member of her community. Appellant has not demonstrated deficient performance or prejudice. Again, at the evidentiary hearing, appellant did not present testimony from any witnesses to support this claim. And trial counsel testified concern with the potential testimony of appellant's daughters regarding prior bad acts and information that would run counter to the close-family defense. At trial, appellant presented testimony from friends about their positive observations of the defendant's relationship with the victim. Appellant has not demonstrated a reasonable probability of a different outcome had trial counsel presented additional evidence given the substantial evidence presented at trial. Therefore, we conclude that the district court did not err in denying this claim.

Next, appellant argues that trial counsel should have objected to the testimony of the first responders on the basis that they were not qualified to give expert opinions on how long the victim had been dead, blood clotting, rigor mortis, the smell of gunpowder, the temperature of the victim's body, and observations about the gunshot holes in the couch and

SUPREME COURT
OF
NEVADA

(O) 1947A

6

wall. Appellant has not demonstrated deficient performance or prejudice. Testimony about what the first responders observed in responding to the call was admissible. NRS 48.015 ("'[R]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence."); NRS 50.025(1)(a) (allowing for testimony based on a witness' personal knowledge); *Burnside v. State*, 131 Nev. 371, 382, 352 P.3d 627, 636 (2015) ("A lay witness may testify to opinions or inferences that are '[r]ationally based on the perception of the witness; and . . . [h]elpful to a clear understanding of the testimony of the witness or the determination of a fact in issue.'" (quoting NRS 50.265)). Trial counsel presented testimony from the defense medical expert calling into question the first responders' testimony about their observations and presented testimony calling into question the integrity of the crime scene. Appellant has not demonstrated a reasonable probability of a different outcome if trial counsel would have further challenged the first responders' testimony. Therefore, we conclude that the district court did not err in denying this claim.

Next, appellant argues that trial counsel should have objected to a neighbor's testimony about fights between appellant and the victim months before the victim's death. Appellant fails to demonstrate deficient performance or prejudice. Trial counsel successfully objected to the witness sharing the contents of the argument. The State presented the testimony to rebut the defense witnesses' description of a loving marriage and the evidence was relevant to show that appellant and the victim were having problems in their relationship and the victim was killed after an argument. *See* NRS 48.015 (describing relevant evidence). Further, the probative value is not substantially outweighed by the danger of unfair prejudice. *See*

SUPREME COURT
OF
NEVADA

(O) 1947A

7

NRS 48.035(1). Appellant has not demonstrated a reasonable probability of a different outcome had trial counsel further objected to the neighbor's testimony. Therefore, we conclude that the district court did not err in denying this claim.

Finally, appellant argues that any deficiencies in counsel's performance should be cumulated for purposes of determining prejudice. Even assuming multiple instances of deficient performance could be cumulated for purposes of demonstrating prejudice, *see McConnell v. State*, 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), as appellant has not demonstrated deficient performance, there is nothing to cumulate. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:  Hon. Nathan Tod Young, District Judge
John E. Malone
Attorney General/Carson City
Douglas County District Attorney/Minden
Douglas County Clerk